**KILPATRICK TOWNSEND &
STOCKTON LLP**
Lisa Pearson (LP 4916)
Robert Potter (RP 5757)
Olivia Harris (OH 1983)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COTY INC., CALVIN KLEIN TRADEMARK TRUST, CALVIN KLEIN, INC., CALVIN KLEIN COSMETIC CORPORATION, and HUGO BOSS TRADE MARK MANAGEMENT GMBH & CO. KG <br><br>                        Plaintiffs, <br><br>           v. <br><br>COSMOPOLITAN COSMETICS INC. and COSMETIC MERCHANDISE CORP. d/b/a COSMETIC MARKET <br><br>                       Defendants. | __ Civ. _____ <br><br><br>**COMPLAINT** |

      Plaintiffs Coty Inc., Calvin Klein Trademark Trust, Calvin Klein, Inc., Calvin Klein

Cosmetic Corporation, and HUGO BOSS Trade Mark Management GmbH & Co. KG

(collectively, "Plaintiffs"), by and through their undersigned counsel, for their complaint allege,

based on their knowledge, information and belief formed after a reasonable inquiry, as follows:

<u>**SUBSTANCE OF THE ACTION**</u>

      1.    Plaintiff Coty Inc. manufactures, distributes and sells highly successful lines of

prestige fragrance products under its own proprietary trademarks and under licensed marks,

including CALVIN KLEIN and HUGO BOSS, pursuant to exclusive fragrance licenses

(collectively, "Plaintiffs' Fragrances").  Coty is the exclusive U.S. fragrance licensee and distributor for Plaintiff Calvin Klein, Inc. and Plaintiff HUGO BOSS Trade Mark Management GmbH & Co. KG, among many others.

2.     To ensure the uniformly high quality of Plaintiffs' Fragrances, Coty applies a production code to each genuine unit at the time of manufacture.  This code helps ensure that the consuming public receives only safe and genuine topical fragrance products, and is critical to Plaintiffs' anti-counterfeiting, anti-theft and quality control efforts. Without their code, Plaintiffs' Fragrances are no longer traceable by Coty and are often commingled with counterfeit or stolen fragrances.  Decoded fragrances themselves may also be counterfeit or stolen product.

3.     Cosmopolitan Cosmetics Inc. and Cosmetic Merchandise Corp. d/b/a Cosmetic Market have violated Plaintiffs' trademark rights by selling CALVIN KLEIN, HUGO BOSS, and other fragrances bearing trademarks owned and/or licensed by Plaintiffs from which the production code has been removed.  Regardless of whether Defendants' fragrances were originally manufactured by Coty or are counterfeit products manufactured by third parties, they infringe Plaintiffs' trademark rights both because they are materially different from genuine Plaintiffs' Fragrances intended for retail sale and because they are beyond the reach of Plaintiffs' product integrity and quality controls.  *See Zino Davidoff SA v. CVS Corp.*, No. 06 CV 15332 (KMK), 2007 WL 1933932 (S.D.N.Y. July 2, 2007), *aff'd*, 571 F.3d 238 (2d Cir. 2009); *Davidoff & Cie SA  v. PLD Int'l Corp.*, 56 U.S.P.Q.2d 1753 (S.D. Fla. 2000), *aff'd*, 263 F.3d 1297 (11th Cir. 2001).

4.     Defendants' sale of decoded, counterfeit, and/or otherwise infringing units of CALVIN KLEIN, HUGO BOSS, and other of Plaintiffs' Fragrances (collectively, "Infringing Fragrances") is a deliberate effort to trade on Plaintiffs' fame and goodwill and damage the

valuable trademark rights that Plaintiffs have spent decades developing and protecting. Defendants' actions are causing irreparable harm by creating consumer confusion and by tarnishing and diluting Plaintiffs' famous trademarks.

5.      Plaintiffs bring claims for trademark infringement and trademark counterfeiting under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under common law.  Plaintiffs seek permanent injunctive relief, an accounting, treble profits, treble damages, compensatory damages, recovery of their costs and attorneys' fees and other relief authorized by the Lanham Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367 and under principles of pendent jurisdiction.

7.      This Court has personal jurisdiction over Defendants because Defendants are businesses registered and domiciled in the State of New York and the infringing products at issue are and were sold within the State.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

9.      Coty Inc. ("Coty") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 350 Fifth Avenue, New York, New York 10018. Coty manufactures and distributes fragrances under its own proprietary marks and under marks owned by third parties such as Calvin Klein, Hugo Boss, Marc Jacobs, Burberry, Lacoste, and many others pursuant to exclusive fragrance licenses (collectively, "Coty Fragrance Marks").

3

10.     Calvin Klein Trademark Trust ("CKTT") is a business trust organized and existing under the laws of Delaware with an address, c/o Calvin Klein, Inc., at 205 West 39th Street, New York, New York 10018.  CKTT's trustee, Wilmington Trust Company, is a Delaware corporation with a business address at Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890.  CKTT is the record owner of the CALVIN KLEIN trademark for apparel products and fragrances (among other marks) in the U.S. (collectively, the "CKTT Marks").

11.     Calvin Klein, Inc. ("CKI") is a corporation organized and existing under the laws of New York with a principal place of business at 205 West 39th Street, New York, New York 10018.  CKI, as the beneficial owner of the CALVIN KLEIN trademark for apparel products and fragrances (among other marks) in the U.S., has entered into a license agreement (as to which Calvin Klein Cosmetic Corporation and Coty are currently licensees), for the manufacture, distribution, sale, advertisement and promotion of the CALVIN KLEIN trademark.

12.     Calvin Klein Cosmetic Corporation (together with CKTT and CKI, "Calvin Klein") is a corporation organized and existing under the laws of Delaware with a principal place of business at 350 Fifth Avenue, New York, New York 10018.  Calvin Klein Cosmetic Corporation, which is indirectly owned by Coty, is the owner of the registered EUPHORIA and DEEP EUPHORIA trademarks for fragrances (among other marks) in the U.S. (collectively, the "CKCC Marks") (CKTT Marks and CKCC marks collectively, the "CALVIN KLEIN Marks"), subject to the terms of a fragrance license from CKI.

13.     HUGO BOSS Trade Mark Management GmbH & Co. KG ("Hugo Boss") is a limited partnership organized and existing under the laws of Germany and having its principal place of business at Dieselstrasse 12, Metzingen 72555, Germany.  Hugo Boss is the owner of

the federally registered HUGO BOSS, BOSS HUGO BOSS, BOSS BOTTLED, and BOSS THE SCENT marks as well as registered design marks for relevant bottle designs (among other marks) in the U.S.

14.     Upon information and belief, Cosmopolitan Cosmetics Inc. ("Cosmopolitan") is a corporation organized and existing under the laws of New York with a place of business located at 145 51st Street, Brooklyn, New York 11232.  Cosmopolitan sells fragrances and other products to retailers or other distributors, and transacts business in this judicial district and throughout the United States.

15.     Upon information and belief, Cosmetic Merchandise Corp. d/b/a Cosmetic Market ("Cosmetic Market," with Cosmopolitan, "Defendants") is a corporation organized and existing under the laws of New York with a place of business located at 15 East 37th Street, New York, New York 10016.  Cosmetic Market sells fragrances and other products direct to consumers and/or other retailers and distributors, and transacts business in this judicial district and throughout the United States.

## **FACTS SUPPORTING PLAINTIFFS' REQUESTED RELIEF**

### CALVIN KLEIN FRAGRANCES

16.     The CALVIN KLEIN brand was created in 1968 by Plaintiff Calvin Klein, Inc.'s predecessor in interest (namely the partnership Calvin Klein Company) and has become one of the world's most recognized and respected brands for clothing and other high-quality items, including a line of popular fragrance products marketed under the CALVIN KLEIN, EUPHORIA, and DEEP EUPHORIA marks, among many others (the "Calvin Klein Fragrances").  Calvin Klein Cosmetic Corporation, together with its indirect owner Coty, has the exclusive right to manufacture, sell and distribute Calvin Klein Fragrances.  Calvin Klein

Fragrances are renowned for their high quality, and the line is one of the top-selling fragrance lines in the U.S.

17.     Calvin Klein Fragrances have been distributed in interstate commerce throughout the U.S., including in this judicial district, for many years.  For example, Calvin Klein launched the CALVIN KLEIN OBSESSION women's fragrance in 1985, the CALVIN KLEIN ETERNITY women's fragrance in 1988, and the CALVIN KLEIN EUPHORIA women's fragrance in 2005.

18.     Calvin Klein Fragrances are identified and distinguished by the use of the CALVIN KLEIN, EUPHORIA, and/or DEEP EUPHORIA marks, among many others (collectively, the "Calvin Klein Marks").  Because of Calvin Klein's exclusive and extensive use of the Calvin Klein Marks, the marks have acquired enormous value, certain of the marks have become famous among the consuming public and trade, and all are recognized as identifying and distinguishing Calvin Klein exclusively and uniquely as the source of products sold under the marks.

19.     Calvin Klein Trademark Trust is the record owner and Calvin Klein, Inc. is the beneficial owner of numerous U.S. trademark registrations for the Calvin Klein Marks for, *inter alia*, perfume and eau de toilette, including Reg. No. 1,226,396 for CALVIN KLEIN; Reg. No. 1,969,912 for CK ONE CALVIN KLEIN and Bottle Design; Reg. No. 3,425,768 for CALVIN KLEIN MAN and Design; and Reg. No. 4,011,145 for CALVIN KLEIN BEAUTY.

20.     Calvin Klein Cosmetic Corporation is the record owner of numerous U.S. trademark registrations for, among others, the EUPHORIA and DEEP EUPHORIA marks for, *inter alia*, perfume and eau de toilette, including Reg. No. 3,786,226 for EUPHORIA; Reg. No.

6

3,455,523 for EUPHORIA BLOSSOM; Reg. No. 4,123,082 for FORBIDDEN EUPHORIA;

Reg. No. 4,539,750 for ENDLESS EUPHORIA; and Reg. No. 5,187,925 for DEEP EUPHORIA.

21.     All of the foregoing registrations are valid, subsisting, and in full force and effect.

Moreover, as many of these registrations are incontestable pursuant to Section 15 of the Lanham

Act, 15 U.S.C. § 1065, they serve as conclusive evidence of Calvin Klein's ownership of and

exclusive right to use the associated marks in commerce on or in connection with all of the goods

identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. §

1115(b).  True and correct copies of the foregoing registrations from the U.S. Patent and

Trademark Office are attached as Exhibit A.

HUGO BOSS'S FRAGRANCES

22.     The HUGO BOSS brand was created in Germany in 1924 by Hugo Boss and has

become one of the world's most recognized and respected brands for clothing and other high-

quality items, including a line of popular fragrance products marketed under the HUGO BOSS,

BOSS HUGO BOSS, BOSS BOTTLED, and BOSS THE SCENT marks, among others (the

"Hugo Boss Fragrances").  Coty has the exclusive right to manufacture, sell and distribute Hugo

Boss Fragrances.  Hugo Boss's Hugo Boss Fragrances are renowned for their high quality, and

the line is one of the top-selling fragrance lines in the U.S.

23.     Hugo Boss Fragrances have been distributed in interstate commerce throughout

the United States, including in this judicial district, for many years.  For example, Hugo Boss

launched HUGO BOSS HUGO men's fragrance in the U.S. in 1995 and BOSS BOTTLED

men's fragrance in 1998.

24.     Hugo Boss Fragrances are identified and distinguished by the use of the HUGO

BOSS, BOSS HUGO BOSS, BOSS BOTTLED, and BOSS THE SCENT marks, among many

others (collectively, the "Hugo Boss Marks").  Because of Hugo Boss's exclusive and extensive use of the Hugo Boss Marks, the marks have acquired enormous value, certain of the marks have become famous among the consuming public and trade, and all are recognized as identifying and distinguishing Hugo Boss exclusively and uniquely as the source of products sold under the marks.

25.    Hugo Boss owns numerous U.S. trademark registrations for its marks for, *inter alia*, perfume and eau de toilette, including Reg. No. 1,853,427 for HUGO HUGO BOSS (stylized); Reg. No. 2,399,198 for BOSS HUGO BOSS (stylized); Reg. No. 3,722,539 for BOSS BOTTLED; Reg. No. 4,434,445 for Bottle Design; Reg. No. 5,052,016 for BOSS HUGO BOSS and Bottle Design; and Reg. No. 5,557,827 for BOSS THE SCENT.  All of the foregoing registrations are valid, subsisting, and in full force and effect.  Moreover, as the HUGO HUGO BOSS and BOSS HUGO BOSS registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, they serve as conclusive evidence of Hugo Boss's ownership of these marks and of its exclusive rights to use the marks in commerce on or in connection with all of the goods identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).  True and correct copies of the foregoing registrations from the U.S. Patent and Trademark Office are attached as Exhibit B.

PRODUCTION CODE

26.    Plaintiffs exercise strict quality control over the production of Plaintiffs' Fragrances, as well as over their bottling, their completed packaging, and their distribution.  Coty marks each bottle of, *inter alia*, DEEP EUPHORIA, HUGO MAN, BOSS BOTTLED, and BOSS THE SCENT fragrance, as well as its outer packaging, with a unique code used as a quality assurance, anti-counterfeiting and anti-theft measure (the "Production Code").  The

Production Code is particularly important for maintaining the integrity and high quality of Plaintiffs' Fragrances.

27.     For example, the Production Code permits Coty and its licensors to take corrective action in the event a product defect should arise. The Production Code indicates, among other things, the day, month and year in which the fragrance unit was manufactured. In addition, this coding system provides full traceability from the moment the unit is produced to the point of consumer purchase, facilitating corrective action or targeted recalls in the event of any quality issue. Further, a consumer who experiences any quality issues with a particular unit can provide that unit's Production Code to Plaintiffs, who can then provide detailed information about the formulation of the product to assist in rectifying any allergic reaction or other health or safety issue, as well as to pinpoint and resolve any production problems.

28.     The Production Code also serves as an anti-counterfeiting device, and assists Plaintiffs in identifying counterfeit fragrances and removing them from the marketplace. As counterfeiters are generally unable or unwilling to apply costly individual codes to their fake fragrance products, counterfeit units of Plaintiffs' Fragrances typically bear the same bogus code on multiple units or lack any code at all. As a result, by looking only at the Production Code (or lack thereof) affixed to a given fragrance product, Plaintiffs (as well as Customs officials, law enforcement, private investigators and retailers) are often able to identify counterfeit goods quickly and easily and to take the actions necessary to remove them from the market.

29.     Coty applies a unique Production Code to products with a high risk of being counterfeited.

DECODED FRAGRANCES

30.     Decoded fragrances are products bearing Coty Fragrance Marks from which a real or bogus Production Code has been removed, obscured, partially removed, overstickered or otherwise obliterated ("Decoded Fragrances").  Decoded Fragrances may be stolen or counterfeit, and even those originally manufactured by Coty are not subject to the same ongoing quality assurances as genuine Plaintiffs' Fragrances intended for sale in the U.S.  In *Davidoff & Cie SA v. PLD Int'l Corp.*, 56 U.S.P.Q.2d 1753 (S.D. Fla. 2000), *aff'd*, 263 F.3d 1297 (11th Cir. 2001) and *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238 (2d Cir. 2009), cases involving the very same product coding system involved in this case, the Courts of Appeals for the Second and Eleventh Circuits held that the sale of decoded Coty fragrances violates the Lanham Act. Decoded Fragrances are decoded with varying degrees of finesse.  Often, the Production Code on these bottles and boxes are cut off, abraded, or otherwise mutilated, giving the products a damaged appearance.  In some cases, however, the Production Code is removed with chemicals, in a manner that does not damage the product packaging.  Plaintiffs' Fragrances that have been chemically decoded are virtually indistinguishable from counterfeit products with no Production Code.

31.     Decoded Fragrances are generally sold by distributors who are not authorized to sell these fragrance products in the United States and are frequently found in mixed shipments with counterfeit and/or stolen products.  Upon information and belief, the products are decoded to hide the fact that they are stolen or counterfeit products or to conceal the identity of the seller who is diverting the products outside of authorized distribution channels.

32.     Decoded Fragrances are materially different from genuine Plaintiffs' Fragrances because, *inter alia*, they are not date-stamped and are not subject to Plaintiffs' ongoing quality assurances.

33.     Plaintiffs do not countenance the sale of Decoded Fragrances.  In many instances the removal of the Production Code and resulting mutilation of genuine product packaging degrades the products.  In addition, the absence of the Production Code significantly interferes with Plaintiffs' anti-counterfeiting, quality control and anti-theft programs by hindering Plaintiffs' ability to trace the products, thereby potentially endangering the public by preventing Plaintiffs from identifying fakes, resolving quality problems, and recalling defective products. Further, the absence of the Production Code and/or the mutilation of the packaging are each in and of themselves material differences from the authorized fragrances that are distributed by Coty in the U.S.  Decoded Fragrances are therefore infringing products under U.S. trademark law.

<u>DEFENDANTS' SALE OF INFRINGING FRAGRANCES</u>

34.     Defendants are retail and wholesale distributors of Decoded Fragrances, including decoded Calvin Klein Fragrances and Hugo Boss Fragrances, as well as decoded units of multiple other Coty fragrances, including without limitation DAISY MARC JACOBS, BURBERRY MR. and EAU DE LACOSTE.

***Defendant Cosmetic Market:***

35.     In or about November 2017, and again in June 2018, Plaintiffs obtained decoded units of DAISY MARC JACOBS fragrance from Defendant Cosmetic Market through its retail outlet on 15 East 37th Street in New York City.   Representative images of the packaging and

receipts from the Decoded Fragrances purchased from Cosmetic Market in November 2017 and June 2018 are attached hereto as Exhibit C.

36.     Plaintiffs' counsel sent a letter to Cosmetic Market on June 29, 2018, identifying the Decoded Fragrances that it sold, advising that the sale of Infringing Fragrances is unlawful, and providing Cosmetic Market with the tools necessary to identify such fragrances.  Having received no response from Cosmetic Market, Plaintiffs' counsel followed up with another letter on July 16, 2018.  Copies of Plaintiffs' initial and follow-up letters are attached hereto as Exhibit D.

37.     Cosmetic Market, through its owner Moshe Nakash, responded to Plaintiffs' counsel by phone on July 24, 2018, and identified Defendant Cosmopolitan as Cosmetic Market's exclusive source of Coty (and other) fragrances, including the Decoded Fragrances identified in Plaintiffs' letter, and provided representative invoices in support.  Copies of the invoices provided to Plaintiffs by Cosmetic Market (on July 24, 2018 and subsequently) are attached hereto as Exhibit E.

38.     On behalf of Cosmetic Market, Mr. Nakash also agreed to allow Plaintiffs to inspect all Coty fragrances in its inventory to confirm whether they are decoded or counterfeit. On August 22, 2018, Coty's Chief Security Officer, accompanied by Plaintiffs' counsel, inspected approximately 215 units of Coty fragrances in Cosmetic Market's inventory and confirmed that 18 of the units were Decoded Fragrances, including DEEP EUPHORIA (1 unit 50ml); HUGO MAN (2 units 125ml; 1 unit 200ml); BOSS BOTTLED (2 units 100ml; 2 units 200ml); BOSS THE SCENT (2 units 200ml); BURBERRY MR. (5 units, 50ml); and EAU DE LACOSTE (3 units, 50ml).  Mr. Nakash refused to surrender these Decoded Fragrances to Coty or Plaintiffs' counsel, but Plaintiffs' counsel explained that these were evidence in a potential

lawsuit and Mr. Nakash agreed to segregate them and store them carefully pending resolution of this dispute.  Photographs of these fragrances, taken during the inspection, are attached as Exhibit F.  Mr. Nakash identified Defendant Cosmopolitan as the source of all of these Decoded Fragrances.

39.     Upon information and belief Defendant Cosmetic Market has sold and/or is also offering for sale and selling other Infringing Fragrances.

***Defendant Cosmopolitan*:**

40.     Defendant Cosmopolitan has been identified more than once as the source of Decoded Fragrances found through Coty's enforcement efforts.  In May 2016, a fragrance retailer in Texas identified Cosmopolitan as the source of decoded units of Coty's VERA WANG LOVESTRUCK fragrance found in the retailer's inventory, and as the suspected source of decoded units of CALVIN KLEIN EUPHORIA fragrance in its inventory as well.

41.     At that time, Coty's counsel sent a letter to Cosmopolitan dated June 23, 2016, identifying the Decoded Fragrances it was reported to have sold, advising that the sale of Infringing Fragrances is unlawful, and providing Cosmopolitan with the tools necessary to identify such fragrances.  Cosmopolitan, through a Mr. William Gold, responded to Plaintiffs' counsel by phone to deny selling any Decoded Fragrances, maintaining that Cosmopolitan sourced genuine, coded VERA WANG LOVESTRUCK fragrances from a "direct Coty account" but refusing to identify that alleged "account."  On August 26, 2016, Coty's counsel sent Cosmopolitan a letter memorializing these representations, and otherwise reserving all rights. Coty further advised that, because Cosmopolitan had now been provided with information on how to detect counterfeit and decoded Coty fragrances, its continued sales of such fragrances would be made at its peril.

42.     Despite providing Cosmopolitan in June 2016 with the tools to verify the authenticity of Plaintiffs' Fragrances, Cosmopolitan has knowingly and willfully continued its practice of selling Infringing Fragrances to consumers.

43.     On September 13, 2018, after Cosmetic Market identified Cosmopolitan as the source of all of the Decoded Fragrances found in its inventory, Plaintiffs' counsel sent another demand letter to Cosmopolitan.  This letter, which enclosed Coty's prior correspondence from 2016, advised Cosmopolitan that it had again been identified as the source of multiple Decoded Fragrances, including DEEP EUPHORIA, HUGO MAN, BOSS BOTTLED, and BOSS THE SCENT.  Plaintiffs' September 13 letter made associated requests that Cosmopolitan cease all such sales, allow inspection of its inventory of Coty fragrances, and provide Plaintiffs with source and sales information for all decoded or otherwise infringing Coty fragrances.  Having received no reply, Plaintiffs' counsel sent Cosmopolitan a follow-up letter on September 21. Copies of Plaintiffs' September 13 and September 21, 2018 letters are attached hereto as Exhibit G.

44.     Despite subsequent communications between Plaintiffs' counsel and Cosmopolitan's representative, Cosmopolitan has not provided the reasonable source and sales information Plaintiffs have asked for nor otherwise complied with Plaintiffs' requests.

45.     Upon information and belief, Defendant Cosmopolitan is also offering for sale and selling other Infringing Fragrances.

***Both Defendants:***

46.     By selling Decoded Fragrances, Defendants impair Plaintiffs' quality control and anti-counterfeiting programs, and deprive Plaintiffs of the ability to maintain the prestige and reputation of the brands sold under Coty Fragrance Marks.

14

47.     Defendants' Infringing Fragrances are likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that these unlicensed and unauthorized products are authorized and backed by Plaintiffs, when in fact they are not.  Purchasers and prospective purchasers viewing Defendants' Infringing Fragrances and perceiving a defect, lack of quality, or any other irregularity are likely to attribute them mistakenly to Plaintiffs.  The likelihood of confusion, mistake and deception engendered by Defendants' unauthorized products is causing irreparable harm to Plaintiffs' reputation and goodwill and impairing the efficacy of their anti-counterfeiting efforts.

48.     In addition, due to the nature of the product at issue here, a topical cosmetic, Defendants' sale of Infringing Fragrances poses a serious risk to public health and safety.  By causing such a likelihood of confusion, mistake, deception and potential public health risk, Defendants are inflicting irreparable harm to the public health and welfare.

49.     Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

## FIRST CLAIM FOR RELIEF
## FOR TRADEMARK INFRINGEMENT AND COUNTERFEITING UNDER
## THE LANHAM ACT (15 U.S.C. § 1114)

50.     Plaintiffs repeat and re-allege each and every allegation set forth above, and incorporate them herein by reference.

51.     Calvin Klein owns federal trademark registrations for the Calvin Klein Marks and Hugo Boss owns federal trademark registrations for the Hugo Boss Marks (collectively, "Plaintiffs' Federally Registered Marks").

52.     The absence of the Production Code and/or mutilation of the packaging of Plaintiffs' Fragrances renders them materially different from Plaintiffs' Fragrances authorized for sale in the U.S., and such products are not genuine.

53.     Defendants' unauthorized advertising, distribution, and sale of Infringing Fragrances bearing Plaintiffs' Federally Registered Marks, or confusingly similar variants thereof, is likely to cause confusion, mistake or deception as to the source or sponsorship of these products.

54.     As a result of Defendants' unauthorized advertising, distribution, and sale of Infringing Fragrances bearing Plaintiffs' Federally Registered Marks, or confusingly similar variants thereof, the public is likely to believe that these goods have been manufactured and/or approved by Plaintiffs and are subject to Plaintiffs' quality control measures.

55.     Defendants' unauthorized advertising, distribution, and sale of Infringing Fragrances bearing Plaintiffs' Federally Registered Marks, or confusingly similar variants thereof, is willful, intended to reap the benefit of the goodwill of Plaintiffs, and constitutes trademark counterfeiting and/or trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' sale of Infringing Fragrances.

**SECOND CLAIM FOR RELIEF**
**FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION**
**<u>AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))</u>**

57.     Plaintiffs repeat and re-allege each and every allegation set forth above, and incorporate them herein by reference.

58.     Defendants' unauthorized advertising, distribution and sale of Infringing Fragrances constitutes a false designation of origin and a false description or representation that

Plaintiffs certify the quality and authenticity of such products, when in fact they do not, and is thereby likely to deceive the public.

59.     Defendants are using Coty Fragrance Marks with full knowledge that they are associated with and exclusively designate Plaintiffs' Fragrances.  Defendants' acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Coty Fragrance Marks.

60.     Defendants' unauthorized advertising, distribution and sale of Infringing Fragrances violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

61.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' sale of Infringing Fragrances.

### THIRD CLAIM FOR RELIEF FOR
### COMMON LAW UNFAIR COMPETITION

62.     Plaintiffs repeat and re-allege each and every allegation set forth above, and incorporate them herein by reference.

63.     Defendants' unauthorized advertising, distribution and sale of Infringing Fragrances constitutes a false designation of origin and a false description or representation that Defendants' Infringing Fragrances are authorized by Plaintiffs, and is thereby likely to confuse consumers.

64.     Defendants are using Coty Fragrance Marks with full knowledge that they are associated exclusively with Plaintiffs and exclusively designate Plaintiffs' Fragrances.

Defendants' acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Coty Fragrance Marks.

65.     Defendants' sale and distribution of Infringing Fragrances constitutes common law unfair competition.

66.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' sale of Infringing Fragrances.

**WHEREFORE**, Plaintiffs demand judgment as follows:

1.     That an injunction be issued enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by either Defendant, and all those in active concert and participation with either Defendant, and each of them who receives notice directly or otherwise of such injunction from:

a)     importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any of the products sold under Coty Fragrance Marks with a removed, obscured, partially removed, over-stickered, or otherwise defaced or obliterated Production Code;

b)     imitating, copying, or making unauthorized use of Coty Fragrance Marks;

c)     importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Coty Fragrance Marks;

d)      using Coty Fragrance Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Plaintiffs or to any goods sold, manufactured, sponsored, approved by or connected with Plaintiffs;

e)      using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any infringing product manufactured, distributed or sold by Defendant is in any manner associated or connected with Plaintiffs, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

f)      engaging in any other activity constituting unfair competition with Plaintiffs, or constituting infringement of Coty Fragrance Marks;

g)      taking any action, including through the use of Coty Fragrance Marks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, that dilutes the unique association between Plaintiffs and their marks, or that tarnishes the reputation or image of Plaintiffs;

h)      disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any physical evidence or documents (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, and/or distribution of any merchandise bearing Coty Fragrance Marks, or any simulation, reproduction, counterfeit, copy or colorable

19

imitation thereof, or relating or referring in any manner to the removal or other obliteration of

any serial number, Production Code, or other quality control or anti-counterfeiting measure from

such merchandise;

        i)    removing, obscuring, partially removing, overstickering, or otherwise

defacing or obliterating by any means a Production Code on any of the products sold under Coty

Fragrance Marks; or

        j)    instructing, assisting, aiding or abetting any other person or entity in

engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above;

    2.    Directing that Defendants make available to Plaintiffs for review, inspection and

copying all books, records (including all hard drives on computers used for business purposes,

including servers, as well as all computer disks and back up disks) and other documents and

things concerning all transactions relating to the purchase or sale and unauthorized use of, or

removal of Production Codes from, products or packaging incorporating a simulation,

reproduction, counterfeit, copy or colorable imitation of Coty Fragrance Marks and provide

Plaintiffs the names, addresses and all other contact information in their possession (e.g.,

telephone numbers, fax numbers) for the source(s) of such products and packaging, including all

manufacturers, distributors and/or suppliers;

    3.    Directing that Defendants deliver to Plaintiffs' counsel for destruction at

Defendants' costs all signs, products, packaging, promotional material, advertising material,

catalogs and any other item that bears, contains or incorporates Coty Fragrance Marks, or any

simulation, reproduction, counterfeit, copy or colorable imitation thereof;

    4.    Directing that Defendants recall from all distributors, retailers or other recipients

any and all products and packaging sold or distributed by Defendants under or in connection

with Coty Fragrance Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and, upon recall, to deliver such goods up to Plaintiffs' counsel for destruction at Defendants' cost;

5.     Requiring Defendants to account for and pay over to Plaintiffs three times the profits realized by Defendants from its infringement of Coty Fragrance Marks and its unfair competition with Plaintiffs;

6.     Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1117(a) and (b), or if Plaintiffs elect, statutory damages as the Court considers just, up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, arising out of Defendants' acts of willful counterfeiting;

7.     Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful trademark infringement and unfair competition;

8.     Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums;

9.     Awarding Plaintiffs their costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a);

10.    Awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

11.    Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services modified, offered, advertised or promoted by or on behalf of Defendant are authorized by Plaintiffs or related in any way to products sold under Coty Fragrance Marks;

12.     Directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above; and

13.     Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

DATED: November 29, 2018                    Respectfully submitted,

                                            KILPATRICK TOWNSEND & STOCKTON LLP

                                            By: */s/ Robert Potter*

                                            LISA PEARSON (LP 4916)
                                            lpearson@kilpatricktownsend.com
                                            ROBERT POTTER (RP 5757)
                                            rpotter@kilpatricktownsend.com
                                            OLIVIA HARRIS (OH 1983)
                                            oharris@kilpatricktownsend.com
                                            1114 Avenue of the Americas
                                            New York, NY 10036
                                            Telephone: (212) 775-8700
                                            Facsimile: (212) 775-8800

                                            *Attorneys for Plaintiffs*