IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COTY INC., CALVIN KLEIN TRADEMARK TRUST, CALVIN KLEIN, INC., CALVIN KLEIN COSMETIC CORPORATION, HUGO BOSS TRADE MARK MANAGEMENT GMBH & CO. KG, and MARC JACOBS TRADEMARKS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>COSMOPOLITAN COSMETICS INC., EUGENE ABRAHAM, WILLIAM GOLD, and COSMETIC MERCHANDISE CORP. d/b/a COSMETIC MARKET,<br><br>Defendants. | No. 1:18-cv-11145-LTS-SLC<br><br>**FIRST AMENDED COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |
| COSMOPOLITAN COSMETICS INC.,<br><br>Counterclaimant,<br><br>v.<br><br>CALVIN KLEIN TRADEMARK TRUST, CALVIN KLEIN COSMETIC CORPORATION, HUGO BOSS TRADE MARK MANAGEMENT GMBH & CO. KG, and MARC JACOBS TRADEMARKS, LLC,<br><br>Counterclaim-Defendants. | |

**FIRST AMENDED COUNTERCLAIM**

Counterclaimant Cosmopolitan Cosmetics Inc. ("Cosmopolitan") hereby counterclaims against Counterclaim Defendants Calvin Klein Trademark Trust, Calvin Klein Cosmetic Corporation, Hugo Boss Trade Mark Management GmbH & Co. KG, and Marc Jacobs Trademarks, LLC (collectively, "Counterclaim-Defendants") as follows:

1

## THE PARTIES

1. Counterclaimant Cosmopolitan is a corporation organized and existing under the laws of New York with a place of business located at 145 51st Street, Brooklyn, New York 11232.

2. On information and belief, Counterclaim-Defendant Calvin Klein Trademark Trust ("CKTT") is a business trust organized and existing under the laws of Delaware with an address, c/o Calvin Klein, Inc., at 205 West 39th Street, New York, New York 10018.

3. On information and belief, Counterclaim-Defendant Calvin Klein Cosmetic Corporation ("CKCC") is a corporation organized and existing under the laws of Delaware with a principal place of business at 350 Fifth Avenue, New York, New York 10018.

4. On information and belief, Counterclaim-Defendant HUGO BOSS Trade Mark Management GmbH & Co. KG ("Hugo Boss") is a limited partnership organized and existing under the laws of Germany and having its principal place of business at Dieselstrasse 12, Metzingen 72555, Germany.

5. On information and belief, Counterclaim-Defendant Marc Jacobs Trademarks, LLC ("Marc Jacobs") is a limited liability company organized and existing under the laws of Delaware with a principal place of business at 72 Spring Street, 2nd Floor, New York, New York 10012.

## JURISDICTION AND VENUE

6. These Counterclaims arise under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. §§ 1064(3) and 1119.

7. This Court has original jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Counterclaim-Defendants because Counterclaim-Defendants have subjected themselves to the jurisdiction of this Court for purposes of these Counterclaims.

9. This Court also has personal jurisdiction over Counterclaim-Defendants pursuant to New York CPLR § 302(a)(1). On information and belief, Counterclaim-Defendants transact business within New York.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

11. In the First Amended Complaint, Counterclaim-Defendant CKTT alleges that it is the record owner of U.S. Trademark Reg. No. 1,226,396 for CALVIN KLEIN ("the CKTT Mark").

12. In the First Amended Complaint, Counterclaim-Defendant CKCC alleges that it is the record owner of U.S. Trademark Reg. No. 3,786,226 for EUPHORIA and Reg. No. 5,187,925 for DEEP EUPHORIA (collectively, "the CKCC Marks").

13. In the First Amended Complaint, Counterclaim-Defendant Hugo Boss alleges that it is the record owner of U.S. Trademark Reg. No. 1,429,737 for BOSS; Reg. No. 1,853,427 for HUGO HUGO BOSS (stylized); Reg. No. 2,399,198 for BOSS HUGO BOSS (stylized); Reg. No. 3,722,539 for BOSS BOTTLED; Reg. No. 4,434,445 for Design; Reg. No. 5,052,016 for BOSS HUGO BOSS and Design; Reg. No. 5,139,547 for BOSS and Design; and Reg. No. 5,557,827 for BOSS THE SCENT (collectively, "the Hugo Boss Marks").

14. In the First Amended Complaint, Counterclaim-Defendant Marc Jacobs alleges that it is the record owner of U.S. Trademark Reg. No. 2,771,932 for MARC JACOBS; Reg. No. 3,791,512 for DAISY MARC JACOBS and Design; Reg. No. 4,043,659 for Bottle Design; and Reg. No. 4,873,868 for DAISY MARC JACOBS (collectively, "the Marc Jacobs Marks").

15. As detailed below, each of the CKTT Mark, CKCC Marks, Hugo Boss Marks and Marc Jacobs Marks (collectedly, "the Asserted Marks") is subject to cancellation "[a]t any time" on one or more of the grounds enumerated in Section 14 of the Lanham Act, 15 U.S.C. § 1064, including abandonment under 15 U.S.C. § 1064(3).

## COUNT I
### (Counterclaim for Cancellation)

16. Counterclaimant repeats and incorporates by reference the allegations set forth in Paragraphs 1–15, inclusive.

17. A registration is subject to cancellation "[a]t any time if the registered mark . . . has been abandoned . . . ." 15 U.S.C. § 1064(3).

18. Pursuant to Section 45 of the Lanham Act, 15 U.S.C. § 1127, a mark is deemed abandoned "[w]hen any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic nam e for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark."

19. One way in which a trademark owner can abandon its mark is by engaging in uncontrolled or "naked" licensing—that is, by licensing the mark to third parties without controlling the quality of those parties' goods or services bearing the licensed mark.

20. Counterclaim-Defendants engaged in naked licensing of the Asserted Marks by granting licenses to use the marks, collecting fees from their licensees, and failing to exercise adequate control over a substantial percentage of their licensees' goods and services bearing the Asserted Marks. Counterclaim-Defendants also lacked the kind of working relationship with a substantial percentage of its licensees that would have allowed for adequate quality control.

21. Counterclaim-Defendants failure to exercise adequate control over the nature and quality of their purported licensees' use of the Asserted Marks is evidenced by, inter alia,

4817-3962-2839v.3

Counterclaim-Defendants: (a) failure to maintained accurate records of the individuals and entities to whom they have purported to grant trademark licenses; (b) failure to inspect and sample products bearing the Asserted Marks; (c) allowing manufacturers of fragrances bearing the Asserted Marks to indiscriminately use various codes (discussed below); and (d) failure to instruct consumers and retailers, or requiring manufacturers of fragrances bearing the Asserted Marks, how to use such codes.

22. On information and belief, Counterclaim-Defendants have not maintained accurate records of the individuals and entities to whom they have purported to grant trademark licenses.

23. On information and belief, Counterclaim-Defendants have not actually exercised adequate control over the nature and quality of their purported licensees' use of the Asserted Marks.

24. In the First Amended Complaint (at Par. 35), Counterclaim-Defendants allege as follows:

> Plaintiffs exercise strict quality control over the production of Plaintiffs' Fragrances, as well as over their bottling, their completed packaging, and their distribution. . . . To this end, each unit of DEEP EUPHORIA, HUGO MAN, BOSS BOTTLED, BOSS THE SCENT, and DAISY MARC JACOBS (among other Plaintiffs' Fragrances) bears a unique code used as a quality assurance, anti-counterfeiting and anti-theft measure . . . .

25. However, each unit of DEEP EUPHORIA, HUGO MAN, BOSS BOTTLED, BOSS THE SCENT, and DAISY MARC JACOBS does not contain a unique code that is allegedly used as a quality assurance, anti-counterfeiting and anti-theft measure ("Unique Code").

26. Unique Codes are only contained on 50ml, 75ml, and 100ml sizes of DEEP EUPHORIA.

5

4817-3962-2839v.3

27. Unique Codes are only contained on 50ml, 75ml, and 100ml sizes of HUGO MAN.

28. Unique Codes are only contained on 50ml, 75ml, and 100ml sizes of BOSS BOTTLED.

29. Unique Codes are only contained on 50ml, 75ml, and 100ml sizes of BOSS THE SCENT.

30. Unique Codes are only contained on 50ml, 75ml, and 100ml sizes of DAISY MARC JACOBS.

31. On information and belief, a substantial number of fragrances distributed in the United States bearing the DEEP EUPHORIA, HUGO MAN, BOSS BOTTLED, BOSS THE SCENT, and DAISY MARC JACOBS marks do not contain a Unique Code.

32. Fragrances bearing the Asserted Marks do not include a Unique Code when offered as part of gift sets.

33. Fragrances bearing the Asserted Marks do not include a Unique Code when offered as flankers.

34. Fragrances bearing the Asserted Marks do not include a Unique Code when offered as testers or samples.

35. Fragrances bearing the Asserted Marks do not include a Unique Code when offered in bottles smaller than 50ml or larger than 100ml.

*Counterclaim-Defendants CKTT and CKCC Fail to Exercise Control Over Their Marks*

36. Counterclaim-Defendants CKTT and CKCC fail to exercise adequate control over the nature and quality of their purported licensees' use of the CKTT Mark and CKCC Marks.

37. On information and belief, CKTT and CKCC fail to conduct regular inspections of each of the facilities in which fragrances bearing the CKTT Mark and CKCC Marks are manufactured.

38. On information and belief, CKTT and CKCC fail to regularly sample fragrances bearing the CKTT Mark and CKCC Marks.

39. Various coding schemes are applied to fragrances bearing the CKTT Mark and CKCC Marks, including Unique Codes.

40. In this Action, CKTT and CKCC allege the Unique Codes are applied to fragrances bearing the CKTT Mark and CKCC Marks for purposes of quality control.

41. However, the Unique Codes are applied in a haphazard and uncontrolled manner.

42. The Unique Codes are applied to only a limited number of products bearing the CKTT Mark and CKCC Marks.

43. Counterclaim-Defendants CKTT and CKCC allow fragrances bearing the CKTT Mark and CKCC Marks to be sold without a Unique Code.

44. For example, below are photographs of an OBSESSION fragrance bearing the CKTT Mark (i.e., CALVIN KLEIN) that does not contain a Unique Code, either on the packaging or the bottle.



45. For example, below are photographs of an ETERNITY fragrance bearing the CKTT Mark (i.e., CALVIN KLEIN) that does not contain a Unique Code, either on the packaging or the bottle.



46. On information and belief, Counterclaim-Defendants CKTT and CKCC do not take steps to instruct or inform consumers of fragrances bearing the CKTT Mark or CKCC Marks regarding the use of the Unique Code.

47. On information and belief, Counterclaim-Defendants CKTT and CKCC do not require the manufacturer of fragrances bearing the CKTT Mark or CKCC Marks to instruct or inform consumers regarding the use of the Unique Code.

48. CKTT and CKCC fail to actually control the quality of fragrances on which the CKTT Mark or CKCC Marks are used.

*Counterclaim-Defendant Hugo Boss Fails to Exercise Control Over Its Marks*

49. Counterclaim-Defendant Hugo Boss fails to exercise adequate control over the nature and quality of their purported licensees' use of the Hugo Boss Marks.

50. On information and belief, Hugo Boss fails to conduct regular inspections of each of the facilities in which fragrances bearing the Hugo Boss Marks are manufactured.

51. On information and belief, Hugo Boss fails to regularly sample fragrances bearing the Hugo Boss Marks.

52. On information and belief, up until approximately 2016, Procter & Gamble manufactured fragrances bearing the Hugo Boss Marks.

53. On information and belief, since 2016, Coty Inc. ("Coty") has manufactured fragrances bearing the Hugo Boss Marks.

54. On information and belief, prior to 2016, Coty and Hugo Boss had not previously worked together.

55. On information and belief, despite having no prior relationship with Coty, Hugo Boss failed to exercise sufficient quality control over the products bearing the Hugo Boss Marks.

56. Various coding schemes are applied to fragrances bearing the Hugo Boss Marks, including Unique Codes.

57. In this Action, Hugo Boss alleges the Unique Codes are applied to fragrances bearing the Hugo Boss Marks for purposes of quality control.

58. However, the Unique Codes are applied in a haphazard and uncontrolled manner.

59. The Unique Codes are applied to only a limited number of products bearing the Hugo Marks.

60. For example, Hugo Boss allows fragrances bearing the Hugo Boss Marks to be sold without a Unique Code.

61. On information and belief, even those Hugo Boss fragrances that bear a Unique Code, only include this code on the outer packaging.

62. On information and belief, Counterclaim-Defendant Hugo Boss does not take steps to instruct or inform consumers of fragrances bearing its marks to retain the outer packaging.

63. On information and belief, Counterclaim-Defendant Hugo Boss does not take steps to instruct or inform consumers of fragrances bearing its marks regarding the use of the Unique Code.

64. On information and belief, Counterclaim-Defendant Hugo Boss does not require the manufacturer of fragrances bearing the Hugo Boss Marks to instruct or inform consumers regarding the use of the Unique Code.

65. Counterclaim-Defendant Hugo Boss fails to actually control the quality of fragrances on which the Hugo Boss Marks are used.

*Counterclaim-Defendant Marc Jacobs Fails to Exercise Control Over Its Marks*

66. Counterclaim-Defendant Marc Jacobs fails to exercise adequate control over the nature and quality of their purported licensees' use of the Marc Jacobs Marks.

67. On information and belief, Marc Jacobs fails to conduct regular inspections of each of the facilities in which fragrances bearing the Marc Jacobs Marks are manufactured.

68. On information and belief, Marc Jacobs fails to regularly sample fragrances bearing the Marc Jacobs Marks.

69. Various coding schemes are applied to fragrances bearing the Marc Jacobs Marks, including Unique Codes.

70. In this Action, Marc Jacobs alleges the Unique Codes are applied to fragrances bearing the Marc Jacobs Marks for purposes of quality control.

71. However, the Unique Codes are applied in a haphazard and uncontrolled manner.

72. The Unique Codes are applied to only a limited number of products bearing the Marc Jacobs Marks.

73. Marc Jacobs allows fragrances bearing the Marc Jacobs Marks to be sold without a Unique Code.

74. Specifically, each unit of DAISY MARC JACOBS fragrance does not contain a Unique Code.

75. For example, DAISY MARC JACOBS fragrances included in gift sets do not contain a Unique Code.

76. Below are photographs of a DAISY MARC JACOBS fragrance that does not contain a Unique Code, either on the packaging or the bottle.

 

77. On information and belief, Counterclaim-Defendant Marc Jacobs does not take steps to instruct or inform consumers of fragrances bearing the Marc Jacobs Marcs regarding the use of the Unique Code.

78. On information and belief, Counterclaim-Defendant Marc Jacobs does not require the manufacturer of fragrances bearing the Marc Jacobs Marks to instruct or inform consumers regarding the use of the Unique Code.

79. Counterclaim-Defendant Marc Jacobs fails to actually control the quality of fragrances on which the Asserted Marks are used.

80. As a result of Counterclaim-Defendants' failure to actually control its many licensees' use of the Asserted Marks, the reputation and goodwill associated with the Asserted Marks was not supervised by Counterclaim-Defendants and Counterclaim-Defendants could not ensure consistent quality in the use of the Asserted Marks.

81. Counterclaim-Defendants' naked licensing of their marks has caused those marks to lose trademark significance, and as a consequence, the public no longer associates these marks

4817-3962-2839v.3

with a single source of goods or services. Counterclaim-Defendants thus have abandoned the Asserted Marks through their course of conduct.

82. This abandonment warrants the cancellation of the Asserted Marks pursuant to 15 U.S.C. §§ 1064(3) and 1119.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaimants pray for this Court to grant the following relief:

A. Entry of a judgment dismissing the claims in the First Amended Complaint with prejudice;

B. Entry of a judgment directing the Director of the USPTO to cancel the Asserted Marks;

C. Entry of a judgment requiring Plaintiff to pay the costs of this action and, to the extent authorized by law, reimburse Cosmopolitan for its attorneys' fees and expenses of litigation; and

D. An award of such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Cosmopolitan respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  March 16, 2020      By:   */s/ Mark Berkowitz*

                AMSTER, ROTHSTEIN & EBENSTEIN LLP
                Anthony F. Lo Cicero
                Mark Berkowitz
                Sandra A. Hudak
                90 Park Avenue
                New York, NY 10016
                Phone:  212.336.8000
                Fax:     212.336.8001
                alocicero@arelaw.com
                mberkowitz@arelaw.com
                shudak@arelaw.com

                ***Attorneys for Defendant/Counterclaimant***
                ***Cosmopolitan Cosmetics Inc.***

4817-3962-2839v.3